**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

WILLIAM WASHINGTON, MELVIN
MITCHELL, MICHAEL BRANCH, and
HORACE GAINES,

           **Plaintiffs,**

   - against -

CITY OF NEW YORK DEPARTMENT OF
CORRECTION,

          **Defendant.**

-------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**08 Civ. 5978 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Plaintiffs, five pro se prisoners who were at one time incarcerated at

Rikers Island,[1] brought suit pursuant to the Americans with Disabilities Act[2]

against the New York City Department of Correction (the "NYCDOC" or

"defendant"). On May 29, 2010, defendant served plaintiffs William Washington

and Melvin Mitchell[3] with a Motion to Dismiss for Failure to Prosecute (the

---

[1]     By Order of Partial Dismissal, dated July 1, 2008, former Chief Judge
Kimba Wood dismissed plaintiff Dwayne Banks, pursuant to 29 U.S.C. §
1915(a)(3), for failing to sign the Complaint and for failing to submit an *in forma
pauperis* application. *See* ECF Docket Entry # 6.

[2]     42 U.S.C. § 12101 *et seq.*

[3]     The addresses for plaintiffs Michael Branch and Horace Gaines are
unknown. Branch's address has been unknown since July 23, 2008, while Gaines'

"Motion").[4]  Defendant argues that the remaining four plaintiffs should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), for failure to prosecute and comply with court orders.[5]  Alternatively, defendant seeks to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") because it was not served in a timely manner.  For the following reasons, defendant's motion is granted in part and denied in part.

## I.    BACKGROUND

This action was filed on July 1, 2008, by five prisoners who were at one time incarcerated at Rikers Island.[6]  The case was reassigned to my docket on June 24, 2009 (from the docket of Judge Kimba Wood), and a second summons

---

address has been unknown since July 7, 2009.  *See* 5/29/10 Declaration of Marilyn Richter, Assistant Corporation Counsel ("Richter Decl."), ¶¶ 8-9.  It is the duty of all pro se litigants to promptly inform the Pro Se Office of any change in address.

[4]     The Motion was docketed on June 1, 2010.  *See* ECF Document # 15 (Notice of Motion) and # 16 (Memorandum of Law in Support of Defendant's Motion to Dismiss for Failure to Prosecute") ("Def. Mem.").  On June 7, 2010, this Court ordered Plaintiffs to respond to Defendant's motion to dismiss or risk the possible dismissal of their case.  *See* ECF Document # 17 (6/7/10 Order).  Despite this Order, Plaintiffs have not responded to the instant motion.  Plaintiffs' lack of response weighs in favor of dismissal for failure to prosecute.

[5]     *See* Def. Mem. at 1.

[6]     *See* Richter Decl. ¶ 2.

was issued on August 6, 2009.[7]  By Order dated August 18, 2009, I directed

plaintiffs "to have the summons and complaint promptly served on the defendant

by filling out and forwarding to the U.S. Marshal the forms provided to plaintiff

[William Washington] by the Pro Se Office."[8]  In a subsequent Order, dated

December 22, 2009, I noted that "[p]laintiffs failed to follow the Court's

unambiguous instructions."[9]  Rather, plaintiffs sent a letter dated December 5,

2009, asking the Pro Se Office to convey  the summons and complaint to the U.S.

Marshal.[10]  To clarify the Court's earlier instructions, the December 22 Order

stated:

> To be crystal clear, (1) plaintiffs themselves are to fill out
> the forms provided by the Pro Se Office; and (2) plaintiffs
> themselves are to forward the completed forms to the U.S.
> Marshal for service on defendant.[11]

Plaintiffs were then given until January 18, 2010, to either effect service upon

---

[7]  *See id.* ¶ 3.

[8]  8/18/09 Order  (ECF Document # 11) at 1.  When there is more than
one pro se plaintiff in the same case, the Pro Se Office provides one "mailing
package" to the first-listed plaintiff, which here is William Washington.

[9]  12/22/09 Order (ECF Document # 13) at 1.

[10]  *See id.*

[11]  *Id.* at 2.

defendant or show good cause why such service had not been effected.[12]  In a "Declaration of Service by Mail," plaintiff William Washington stated that on February 1, 2010, he sent the Marshals the paperwork needed to effect service via the United States Postal Service .[13]  The Marshals served the Summons and Complaint on the NYCDOC on March 3, 2010.[14]

## II.   LEGAL STANDARDS

### A.   Failure to Prosecute

"It is, of course, well established that dismissal pursuant to [Rule] 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."[15]  In deciding whether to dismiss a case under Rule 41(b),[16] district courts consider the following factors:

---

[12]   *See id.*

[13]   Declaration of Service by Mail, Ex. E to the Richter Decl.

[14]   *See* Process Receipt and Return, ECF Document # 14.

[15]   *Harding v. Federal Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632-33 (1962)).  *Accord Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993);  *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982).

[16]   Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

(1) the duration of plaintiff's failures; (2) whether plaintiff was on notice that a failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether lesser sanctions would remedy any prejudice resulting from plaintiff's inaction.[17]

Because dismissal is "a harsh remedy to be utilized only in extreme situations,"[18] no single factor is dispositive.[19] Furthermore, courts should be especially reluctant to dismiss for failure to prosecute where the plaintiff is acting or appearing pro se.[20] However, "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to

---

[17]   *Deal v. Seneca County*, No. 07-CV-6497, 2009 WL 3378671, at *2 (W.D.N.Y. Oct. 15, 2009) (citing *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004)). *Accord Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983).

[18]   *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam). *Accord Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Deal*, 2009 WL 3378671, at *1 ("The Second Circuit has repeatedly warned that dismissal is a drastic measure and only to be used in extreme circumstances.").

[19]   *See Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

[20]   *See  Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

provide a current address at which he or she can be reached."[21]

## B.    Rule 4(m)

Rule 4(m) "governs both (1) the dismissal of actions for untimely

service of process and (2) extensions of the time in which service may be

effected."[22]  Rule 4(m) provides, in pertinent part, as follows:

> [i]f a defendant is not served within 120 days after the
> complaint is filed, the court . . . must dismiss the action
> without prejudice against that defendant or order that
> service be made within a specified time.  But if the plaintiff
> shows good cause for the failure, the court must extend the
> time for service for an appropriate period.[23]

In *Zapata v. City of New York*, the Second Circuit held that district courts have the

discretion to extend the 120-day service period even where there is no showing of

good cause.[24]

---

[21]    *Fate v. Doe*, No. 07 Civ. 9256, 2008 WL 1752223, at *2 (S.D.N.Y.
Apr. 16, 2008), *adopted by* 2008 WL 2661928 (S.D.N.Y. July 7, 2008).

[22]    *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007).

[23]    Fed. R. Civ. P. 4(m).

[24]    *See Zapata*, 502 F.3d at 196.  *Accord Gerena v. Korb*, 09-2594-cv,
2010 WL 2946852, at *3 (2d Cir. July 29, 2010) ("We have interpreted this rule to
give wide latitude to courts in deciding when to grant extensions on time to serve,
including permitting courts to grant extensions even absent good cause.") (citing
*Zapata*, 503 F.3d at 196).

## III.   DISCUSSION

### A.   Plaintiffs Branch and Gaines

The Court does not have the current addresses for plaintiffs Michael Branch or Horace Gaines.  Branch has not had any communication with the Court since July 1, 2008, more than two years ago, when  plaintiffs filed their Complaint. On July 23, 2008, mail sent to Branch at the address he provided (GMDC, 15-15 Hazen Street, East Elmhurst, New York 11370) was returned to the Court because he was no longer there.  Branch did not provide a forwarding address.  On September 15, 2008, a change of address was entered on the Court's docket for Gaines, indicating that Downstate Correctional Facility("Downstate")  was his new address.  However, on July 7, 2009, mail addressed to Gaines at Downstate was returned to the Court because he was no longer there.[25]  Similar to Branch, Gaines did not provide a forwarding address.

Because Branch and Gaines did not provide this Court with a change of address and cannot be located, they are dismissed as plaintiffs in this action.  If a litigant cannot accomplish the simple task of providing the Court with his

---

[25]      An inmate lookup search on the New York State Department of Correctional Services ("NYSDOCS") Website indicated that Gaines was discharged from custody on December 12, 2008, the maximum expiration date for his sentence.

7

current address, then he surely has no interest in pursuing litigation he started

several years ago. Accordingly, the Clerk of the Court is directed to dismiss

plaintiffs Michael Branch and Horace Gaines from this lawsuit.

## B. Plaintiffs Washington and Mitchell

The situation is different with respect to plaintiffs William

Washington and Melvin Mitchell. On June 1, 2009, Mitchell sent the Pro Se

Office a letter indicating that his new address was the Wyoming Correctional

Facility in Attica, New York. In that same letter, Mitchell inquired into the status

of the instant litigation.[26] Similarly, Washington sent the Pro Se Office a change

of address card which indicated that as of August 14, 2009, his address was P.O.

Box 445, Red Schoolhouse Road, Fishkill, NY 12524.[27] This is the address of the

Downstate Correctional Facility. However, an inmate lookup on the NYSDOCS

Website indicated that Washington was received at the Wende Correctional

Facility on August 14, 2009. Washington's Declaration of Service by Mail also

lists Wende Correctional Facility as his current address.[28] Giving Washington the

---

[26]      The docket entry, ECF Document # 9, does not indicate that Mitchell made a request for a status update, it is merely a change of address memorandum.

[27]      *See* ECF Document # 12.

[28]      *See* Ex. E., Richter Decl.

8

benefit of the doubt, this Court will overlook the apparent confusion in his address for purposes of this motion.

Thus, the question is whether to dismiss this case because Washington and Mitchell (the "remaining plaintiffs") violated Rule 4(m) by not complying with Orders from this Court. Plaintiffs were given an extension of time in which to complete service, from December 18, 2009 to January 18, 2010. Despite this one-month extension, Washington admittedly did not even send the necessary paperwork to the Marshals until February 1, 2010, approximately two weeks after the extended deadline. However, the December 22, 2009 Order (the "Order") granting the one-month extension was sent to Washington at Downstate. Thus, there may have been a period of time before Downstate forwarded the Order to the Wende Correctional Facility. Despite this approximate two-week delay, Washington substantially complied with the Order, thereby enabling the Marshals to effect service. Given that a court can extend the service period even where there is no showing of good cause, non-compliance with Rule 4(m) and Court orders are not grounds for dismissal under the circumstances.

Plaintiffs' failure to oppose the instant motion does give this Court pause, however, in deciding not to dismiss this case outright. But given the drastic nature of this remedy, and the consequences of a premature dismissal, this Court

9

will give the remaining plaintiffs one last opportunity to advance their case. If the remaining plaintiffs do not fully cooperate with this Court and the NYCDOC, defendant may renew and supplement its motion to dismiss. Should this occur, I would most likely grant defendant's motion and dismiss this case. At present, however, there is insufficient evidence of failure to prosecute on the part of the remaining plaintiffs. Defendant's motion to dismiss for failure to prosecute is therefore denied, with leave to renew at any time. The Clerk of the Court is directed to close this motion (Document # 15).

IT IS FURTHER ORDERED that a pre-trial conference is scheduled for Thursday, September 2, 2010, at 4:30 p.m. in Courtroom 15C of the United States Courthouse, 500 Pearl Street, New York, New York. In the event that plaintiffs are incarcerated and cannot appear, they may send a representative, such as a family member or friend, to appear in their place. In any event, they will be sent a transcript of the conference. Participation by telephone conferencing is not permitted. It is the responsibility of a pro se party to immediately inform this Court of any change of address.

Pursuant to Federal Rule of Civil Procedure 16, the parties shall meet, either in person or telephonically, prior to the date of the conference to discuss the nature and basis of their claims and defenses, to develop a proposed discovery

10

plan, and to explore the possibility of a prompt settlement.  Defendant's attorney is

directed to jointly prepare a Scheduling Order with the remaining plaintiffs prior

to the date of the conference.  **DEFENDANT'S ATTORNEY MUST BRING A**

**COMPLETED SCHEDULING ORDER TO THE CONFERENCE!**


SO ORDERED:


Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             August 12, 2010


11

## - Appearances -

## Remaining Plaintiffs (Pro Se):

William Washington
# 09-A-4149
Wende Correctional Facility
P.O. Box 1187
3622 Wende Road
Alden, NY 14004

Melvin Mitchell
# 09-A-0593
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

## For Defendant:

Marilyn Richter
Assistant Corporation Counsel
Office of Corporation Counsel
100 Church Street, Room 2-180
New York, NY 10007
(212) 788-0931

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
|  | : |  |
| Plaintiff, | : | **SCHEDULING ORDER** |
|  |  |  |
| - against - | : | Civ.    (SAS) |
|  |  | Conference Date: |
|  | : |  |
|  |  |  |
| Defendant(s). | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS, the Court issued an Order for a Conference in accordance with Fed.
R. Civ. P. 16(b) on                           (the "Order); and

WHEREAS, the Order requires that the parties jointly prepare and sign a
proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as
required by the Order:

(1)    the date of the conference and the appearances for the parties;

(2)    a concise statement of the issues as they then appear;

(3)    a schedule including:

(a) the names of persons to be deposed and a schedule of planned depositions;

(b) a schedule for the production of documents;

(c) dates by which (i) each expert's reports will be supplied to the adverse side
and
(ii) each expert's deposition will be completed;

(d) time when discovery is to be completed;

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

_____

(leave blank)

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

(6) anticipated fields of expert testimony, if any;

(7) anticipated length of trial and whether to court or jury;

(8) a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9) names, addresses, phone numbers and signatures of counsel;

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.